IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 20, 2006 Session

## STATE OF TENNESSEE v. JOHN PATRICK NASH

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR389-2004    Jane Wheatcraft, Judge**

---

**No. M2006-00357-CCA-R3-CD - Filed Janaury 30, 2007**

---

The appellant, John Patrick Nash, was indicted by a Sumner County grand jury of six counts of sexual contact with a victim under the age of thirteen. On August 23, 2005, he pled no contest to an amended indictment charging two counts of aggravated assault and retiring the other four counts of the original indictment. He received sentences of six and four years respectively, to run consecutively, for a total effective sentence of ten years as a standard offender and placed on community corrections. In October 2005, the appellant failed a drug test after testing positive for cocaine, marijuana, and alcohol, and a violation of community corrections warrant was filed. Following a hearing on January 9, 2006, the community corrections sentence was revoked and the appellant was ordered to serve his underlying sentences in confinement. On appeal, the appellant argues that the trial court erred in finding that he had violated the terms and conditions of his community corrections sentence. After careful review, we find no reversible error exists and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

David A. Doyle, District Public Defender, for the appellant, John Patrick Nash.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Ronald Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Facts and Procedural History

The facts presented at the appellant's plea hearing regarding the appellant's underlying charges were as follows:

The facts of this case are, Your Honor, that Mr. Nash and the victim in this case - - Mr. Nash was her step-father. There were some incidents that occurred while they were living in Gallatin, Tennessee, that led to place the child in fear of Mr. Nash, and that would be what he would be entering this no contest plea to, that he had some physical contact with her that placed her in fear.

At the revocation hearing, the appellant's community corrections officer was the first of three witnesses to testify. She said that she was the appellant's community corrections case officer and that she requested the issuance of the community corrections violation warrant. She requested that the violation warrant be issued because the appellant tested positive for cocaine, marijuana, and alcohol during a drug screen administered on October 4, 2005. She recalled that a male community corrections officer was present when the appellant's urine sample was submitted. She testified, over the appellant's objection, that the drug test results reflected that the appellant was positive for cocaine and marijuana when he submitted to the drug test. She said he initially denied that he used drugs so she sent the urine sample to their testing lab for further analysis. She testified that the appellant later came to her and requested to be sent to drug rehabilitation for his problems. She said that he then told her that he had a "really bad problem with alcohol."

The next witness to testify was the community corrections officer who conducted the appellant's drug screen. He recalled that he gave the results of the test to the appellant's case officer and that he was later asked by that officer to package the urine to send to their lab for further analysis. He said that he completed a chain of custody form and sent the urine specimen to the Tennessee facility via United Parcel Service. On cross and redirect examination, he testified about the chain of custody form and the process their office follows to complete this form.

The final witness to testify at the revocation hearing was John Holley, an employee of the Davidson County Community Corrections Forensic Drug Testing Unit. He said that he had been with the community corrections division for three years, following fifteen years with the Sheriff's office. He testified that he has had numerous hours of training in drug testing, including training through both companies that manufacture the materials used in their lab. He testified in detail about the testing procedure. He said that he has been called to testify in other courts based on his drug testing experience. He testified that he calibrates the analyzer every day and further stated that the analyzer had rarely been "off its mark."

The State sought to have Mr. Holley qualified as an expert, but the court did not agree. The trial court instead admitted his testimony based on Holley's qualification as the operator of the specimen analyzer. The appellant continued his objection that the witness' report regarding the positive drug test should not be admitted because it was not the testimony of an expert.

On continued redirect examination, Mr. Holley testified that the test indicated that the appellant was positive for cocaine, marijuana, and alcohol.

The appellant chose not to testify, and neither side gave a closing argument. The trial court found that the appellant violated the terms of his community corrections sentence by testing positive for cocaine, marijuana, and alcohol and, accordingly, revoked his community corrections sentence and imposed his sentence.

## Analysis

On appeal, the appellant contends that the trial court improperly considered the testimony offered by the community corrections officer who was responsible for the lab analysis of the appellant's drug test. He contends that the testimony of that officer should have been excluded because he was not certified as an expert and further asserts that there was no finding that the results of the specimen analysis were reliable. The appellant also asserts that the trial court made no determination that the drug test results were reliable and argues that only an expert should be able to testify as to the reliability of the test results. We disagree and conclude that the trial court exercised proper discretion in revoking the appellant's community corrections.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review rather than a de novo standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment rather than acted arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Here, the defendant failed a drug test during a routine meeting with his community corrections officer. The appellant contends that the trial court should not have considered the testimony of the community corrections laboratory technician, pursuant to Tennessee Code Annotated section 40-35-311(c)(1). The State argues that the trial court precisely complied with the requirements of introducing a laboratory report. We agree. Tennessee Code Annotated section 40-35-311(c)(1) sets out the requirements the State must follow to introduce a laboratory report regarding a drug test in a probation revocation proceeding if the State is not going to produce the lab technician. The statute requires that an affidavit accompany the report if the technician does not testify. In the instant case, the lab technician was present and did testify. He established that he had been conducting drug tests for fifteen years, had more than 400 hours of training, and was responsible for conducting the tests on the appellant's specimen sample. The trial court found that he was qualified to testify as the operator of the specimen analyzer, i.e., a laboratory technician. The appellant contends that because the witness should not be allowed to testify because he was not qualified as an expert. However, no such finding is necessary under the statute.

The appellant contends that the trial court erred in failing to explicitly find that the test results were reliable. The State argues that the trial court's holding implicitly accredits the reliability of the testing through the laboratory technician's testimony. During the revocation hearing, the laboratory technician testified that he calibrated the specimen analyzer daily and further stated that the machine was very rarely inaccurate. We conclude that this testimony satisfied the reliability requirement.

Assuming arguendo that the trial court should have excluded the testimony of the laboratory technician, there was still ample evidence, based on the testimony of other witnesses, to meet the requisite standard for revocation. There was also testimony elicited during the revocation hearing from the appellant's community corrections case officer which was sufficient to justify a revocation. The case officer testified that the defendant failed the drug test at her office and, further, that the defendant acknowledged to her that he needed to go into rehabilitation because he "had problems" and had a "really bad problem with alcohol." This evidence provided a sufficient basis on which the appellant's community corrections sentence could have been revoked. It is proper for the trial court to revoke a community corrections sentence when a defendant tests positive for illegal drugs.

We conclude that the appellant has failed to demonstrate that the trial court did not exercise an intelligent and conscientious judgment; therefore, we affirm.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE